BONITA P. MARTINEZ, ESQ. SBN 153346
16885 W. BERNARDO DR., SUITE 108
SAN DIEGO, CA 92127
PHONE: (858) 437-5827
FAX: (858) 257-2662
bonitapmartinez@aol.com

ATTORNEY FOR PLAINTIFFS,
RICKY FADARA LINCOLN; KATHERINE I.
FREDERICKS

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
05/09/2022 at 01:35:47 PM
Clerk of the Superior Court
By Keira McCray, Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

RICKY FADARA LINCOLN;
KATHERINE I. FREDERICKS
    PLAINTIFFS,
VS.
CHULA VISTA POLICE DEPARTMENT,
AND CITY OF CHULA VISTA AND
DOES 1 THROUGH 100, INCLUSIVE.
    DEFENDANTS.

CASE NO.: 37-2022-00017440-CU-CR-CTL
1. COMPLAINT FOR DAMAGES VIOLATION OF CIVIL RIGHTS 42 U.S.C.1983.
2. TRESPASS TO CHATTEL
3. INTENTIONAL INFLICTION OF MENTAL DISTRESS
4. CONVERSION
5. NEGLIGENCE

UNLIMITED

Comes now, Plaintiffs, Ricky Fadara Lincoln, hereinafter Lincoln, and Katherine I. Fredericks, herein after Fredericks, are husband and wife allege as follows:

I
GENERAL FACTUAL BACKGROUND

1. This is a complaint by plaintiffs Lincoln and Fredericks seeking damages arising out of a claim for violation of 42 U.S.C. §1983 to recover damages for, unlawful detention, excessive force, intentional infliction of mental distress, trespass to chattel, conversion and negligence. This

Court has authority under 42 U.S.C. §1983, for individuals such as plaintiffs to recover damages resulting from the violations of their civil rights, including physical, mental, and emotional injuries. Plaintiffs filed an administrative claim against the City of Chula Vista and received a right to sue letter. Defendants are City of Chula Vista, and the Chula Vista Police Department (CVPD). Chula Vista Police Department (CVPD) is a law enforcement department of the City of Chula Vista (CCV). CCV police officers with guns in their holsters, armed, wearing bullet proof vests as they unlawfully entered plaintiffs 'home located in San Diego on April 1, 2021, and said they were looking for Larry Millete's guns. The police officers searched plaintiffs' home and seized their property without a valid search warrant. The police officers took guns belonging to Larry Millete's but also took guns belonging to plaintiff Lincoln.

II

PARTIES

2. Chula Vista Police Department (CVPD) is a law enforcement department of the City of Chula Vista. Defendants are City of Chula Vista and the Chula Vista Police Department (CVPD). About ten of the police officers of CVPD and CCV armed, with bullet proof vests entered plaintiffs' house located in San Diego, California on April 1, 2021, and said they were searching for Larry Millete's gun. At all relevant times herein Plaintiff Lincoln was a resident of County of San Diego, City of San Diego, California.

3. Plaintiffs Katherine I. Fredericks and Ricky Fadara Lincoln all times relevant were residents of the County of San, San Diego, California.

4. Plaintiffs are informed and believe the CCV and the CVPD police officers were acting within the course and scope of their employment with the City of Chula Vista (CCV)

5. The true names and capacities of the defendants named herein as Does 1 through 100, inclusive, whether individual, corporate, associate, or otherwise are unknown to Plaintiff who therefore sues such defendants by fictitious names under California Code of Civil Procedure § 474. Plaintiffs are informed and believe that Doe defendants are California residents. Plaintiffs

will amend this Complaint to show such true names and capacities when they have been determined. Each defendant was an agent of the other Defendants and ratified the conduct of the other defendants.

### III

### FIRST CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS in VIOLATION OF 42 USC 1983

6. The allegations or paragraphs 1-5 are realleged and incorporated by reference as though set forth herein.

7. The CCV police officers entered plaintiffs' residence dressed in bullet-proof vests and carried loaded guns in their holsters. The CCV police officers entered the plaintiffs' home without a search warrant claiming that the search warrant was sealed. CCV police officers used excessive force and unlawfully detained the plaintiffs when they knocked on the bathroom doors while plaintiff Fredericks was taking a bath, then made her go to another room as they proceeded to search the home. The CCV police officers never sent a copy of the search warrant to plaintiffs.

8. When the police officers entered plaintiff's home plaintiff Fredericks was in the bathroom taking a bath. This was extremely sensitive and offensive to plaintiffs. Even though there was a female officer present in plaintiffs' home at that time the female officer was not called to announce their presence at the bathroom door. Plaintiffs were shocked and very upset at this conduct. Plaintiffs were intimidated, and their sense of dignity, and civil rights were violated.

9. Plaintiff Fredericks was shocked, trembling, shaken, scared, and uncomfortable because she was intimidated by the CCV police officers' actions.

10. Plaintiff Fredericks was wet from taking a bath or shower and had to put on an outfit which was not for public view. The CCV police officers would not let plaintiff Fredericks go to the bathroom to comb her wet hair. Plaintiffs had to wait for many hours in panic and fear. Plaintiff Fredericks was told to go to the living room where other CCV police officers were standing and

staring at her. Plaintiffs were disgusted with the manner that the police officers were treating them like criminals.

11. As a proximate result of the intentional and malicious conduct defendants' actions or omissions, plaintiffs suffered humiliation, severe mental distress, anxiety, and emotional anguish, together with loss of monies, attorney fees, inconveniences, and extraordinary expenses in an amount to be proved at trial.

12. Wherefore, plaintiffs pray for judgment as hereinafter provided.

## IV
## SECOND CAUSE OF ACTION
## DAMAGES FOR TRESPASS TO CHATTEL

13. Plaintiffs reallege and incorporate paragraphs 1-12, as though fully set forth herein.

14. On or about April 1, 2021, and continuing defendant CCV police officers without a warrant, without authority and against the will of the plaintiffs entered plaintiffs' property as follows: Defendants wrongfully seized plaintiffs' personal property, and destroyed many things plaintiffs owned, then left plaintiffs' home in ruins; defendants took plaintiff Lincoln's firearms, including firearms that he had inherited from his father, which were special and treasured for years, Defendants violated U.S.C 42 section 1983 and entered plaintiffs' property as discussed above in paragraphs 1.

15. Defendants caused plaintiffs' frozen food items to be thrown on the floor of the kitchen, without putting them back in the freezer; and took other personal items from plaintiffs' bedroom. Defendants harassed the plaintiffs when they told them to go into the living room and would not allow them to go back into the bathroom. Plaintiff Lincoln possessed and owned personal property and had a right to own guns including AeroPercision, SPR-2 S/N 000554 308 Cal and Highpoint 45 Cal Carbine S/N R17537. Defendants wrongfully trespassed intentionally,

interfered with plaintiff Lincoln's guns and other personal property. Defendants wrongfully trespassed intentionally, interfered with plaintiff Fredericks' personal property, in particular plaintiff Fredericks' suitcases. Defendants damaged and destroyed four suitcases and the locks to the suitcases.

16. Defendants searched plaintiffs' wallets, purses and scattered the contents of the suitcases that were precious to plaintiff Fredericks. Defendants took meats and vegetables out of the freezer and threw them on the kitchen floor. Plaintiff Lincoln owned and possessed silver and gold coins, and private intimate pictures of plaintiff Fredericks. Because of the above-described conduct, plaintiffs have been deprived of the use and possession of their property for more than a year, all to plaintiffs' damage in an amount to be determined at trial.

17. WEREFORE, plaintiffs pray for judgment against the defendants and each of them as hereinafter provided.

18. On or about April 1, 2021, and continuing plaintiffs owned, controlled the personal property including food items in a freezer, certain firearms inherited from Lincon's father which were very special and treasured. Defendants intentionally and wrongfully trespassed, interfered or intermeddled with other personal property that plaintiffs owned, such as suitcases, wallets, silver and gold coins.

19. Plaintiffs suffered damages, and some of the suitcases and food items were destroyed in the freezer by leaving them on the floor in the kitchen. Defendants conduct was a substantial factor in causing harm to plaintiffs. Defendants CCV police officers intentionally, recklessly and negligently entered the plaintiffs' home.

20. As a result defendants, actions, they are liable to plaintiffs, and their actions constitute a trespass to chattel; proximately causing plaintiffs to suffer damages and inconveniences.

21. Wherefore plaintiffs pray for judgment as hereinafter provided

## V
## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF MENTAL DISTRESS

22. Plaintiffs allege and incorporates paragraphs 1 through 21, as though fully set forth herein.

23. The conduct of defendants on April 1, 2021, and continuing was intentional, extreme, and outrageous. The City of Chula Vista Police officers (about ten of them) armed, were wearing bullet proof vest with loaded guns in their holsters. Furthermore, on April 1, 2021, the CCV police officers entered the home without a search warrant. They were searching for Larry Millete's gun parts. The CCV police officers took not only Millete's gun parts, but also guns that plaintiff Lincoln owned that plaintiff Lincoln had inherited from his father, and a freezer from the kitchen, that Lincoln had borrowed from Larry Millete.

24. The conduct was intentional, extreme, and outrageous, the CCV police officers, destroyed, damaged, and left plaintiffs' home in disarray, and took plaintiffs personal property without plaintiffs' permission or consent.

25. The outrageous, severe, and intentional conduct of defendants was done with a reckless disregard of the probability of causing plaintiffs' emotional distress. Plaintiffs suffered severe and extreme emotional distress. Defendants had the intent to inflict severe emotional distress; defendants' conduct was so outrageous and extreme and went beyond bounds of decency. Defendants have caused plaintiffs anxiety, stress, mental distress, emotional distress which has a negative effect on plaintiffs' physical and mental and emotional health.

26. As a proximate result of the intentional and malicious conduct defendants' actions or omissions, plaintiffs suffered humiliation, severe mental distress, anxiety, and emotional

anguish, together with loss of monies, attorney fees, inconveniences, and extraordinary expenses in an amount to be proved at trial.

27. Wherefore, plaintiffs pray for judgment as hereinafter provided.

28. Plaintiffs' damages were caused by the intentional infliction of emotional distress. As result of the above-described actions and omissions of the defendants, plaintiffs have suffered severe emotional and mental distress, trauma, shock, nervousness, insomnia, and monetary damages. Plaintiffs are injured in health, strength, activity, injured in their nervous system, and person. The actions of the defendants have caused plaintiffs' great mental, physical, emotional and nervous pain, distress and suffering and fear for their safety. Defendants' taking the inherited guns from plaintiff Lincoln robbed him of the sentimental value and peace of mind.

29. Wherefore plaintiffs pray for judgment as hereinafter provided.

## VI
## FOURTH CAUSE OF ACTION
## CONVERSION

30.   Plaintiffs allege and incorporates paragraphs 1 through 29, as though fully set forth herein.

31. On April 1, 2021 defendants intentionally interfered with the property of plaintiffs with the intent to deprive the plaintiffs of their personal property; defendants wrongfully seized plaintiffs' personal property, and destroyed many things plaintiffs' owned, then left plaintiffs' home in ruins; defendants took plaintiff Lincoln 's firearms, including firearms that he had inherited from his father, that were special and treasured for years. CCV police officers damaged and destroyed four suitcase locks; searched plaintiff Fredericks' wallets, purses and scatted suitcases that were precious to her. Plaintiffs had ownership or right to the personal property at the time that the CCV officers converted it as discussed herein, which also includes the food item in the freezer, and the freezer itself. Defendants refused to allow plaintiff Lincoln to view what they

had taken from the safe. Nearly all of plaintiff Lincoln 'guns were collectables. Plaintiffs had gold coins and other items. CCV police department continues to hold on to plaintiffs' properties for no good reason, just to deprive plaintiffs from the use, enjoyment, security and protection of the personal property.

32. The conduct of defendants constitute conversion with the intent on the part of defendants of thereby depriving plaintiffs of property or legal rights or otherwise causing injury and was despicable conduct that subjected plaintiffs to a cruel and unjust hardship in conscious disregard of plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

33. Wherefore plaintiffs pray for damages as hereinafter provided.

## VII

### FIFTH CAUSE OF ACTION FOR NEGLIGENCE

34. Plaintiffs allege and incorporates paragraphs 1 through 31, 33 as though fully set forth herein.

35. The defendants, CCV police office owed the plaintiff Lincoln and plaintiff Fredericks a duty of due care and a duty of reasonable care not to cause a reasonable a risk of harm to the plaintiffs.

36. The defendant police officers' breach of duty occurred when the CCV police officers failed to observe the duty to use reasonable care as required of them. City of Chula Vista and CCV police officers and each of them violated statute 42 USC 1983. The injury resulted from the occurrence the nature of which the statute was designed to prevent, and plaintiffs were members of the class of persons for whose protection the statute was adopted.

37. The CCV police officers and all defendants to failed to observe the duty of reasonable standard of due care. Defendants failed to conduct proper investigations of the number of

searches and seizures of items from the plaintiffs' place of residence. The City of Chula Vista and The CCV police officers failed to stop or prevent the continued searches of plaintiffs' residence or to prevent a continuation of the searches which always occurred during the day and night.

38. As a result of defendants' negligence, the City of Chula Vista and the Cula Vista Police Department proximately caused the injury to plaintiffs. The defendants failed to observe the duty of care, which was the cause of the injury to plaintiffs.

39. Wherefore plaintiffs pray for judgment as hereinafter provided.

## VIII
## PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff requests relief as follows:

1. For damages for mental and emotional distress.
2. general damages and non-economic damages.
3. For punitive damages as appropriate.
4. For an award of interest, including prejudgment interest at the prevailing legal rate.
5. For cost of the suit, including reasonable attorney fees required by statutes.
6. For such other and further relief as the Court may deem proper.

Date: 5-9-2022

Submitted by:

*Bonita P. Martinez*
Bonita P. Martinez, Esq.,
Attorney for Plaintiffs,
Ricky Farada Lincoln and Katherine I. Fredericks

## JURY DEMAND
Plaintiffs demand trial by jury in this action.