UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY FADARA LINCOLN and KATHERINE I. FREDERICKS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CHULA VISTA POLICE DEPARTMENT, CITY OF CHULA VISTA, and DOES 1-100,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-01569-WQH-BJC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiffs' Third Amended Complaint and Claims Therein Under Rule 12(b)(6) ("Motion to Dismiss") (ECF No. 33) filed by Defendants City of Chula Vista ("City") and Chula Vista Police Department ("CVPD").

## I. BACKGROUND

On May 9, 2022, Plaintiffs Ricky Fadara Lincoln and Katherine I. Fredericks filed a Complaint against Defendants CVPD, City, and Does 1–100 in the Superior Court of California, County of San Diego. (*See* Exh. 1 to Notice of Removal, ECF No. 1-2.) On

|   |   |
|---|---|
| 1 | October 12, 2022, Defendants removed the action to this Court pursuant to 28 U.S.C. |
| 2 | §§ 1331, 1441. (ECF No. 1 at 3.) |
| 3 | On November 1, 2022, Defendants filed a motion to dismiss. (ECF No. 5.) On March |
| 4 | 28, 2023, the Court granted the motion to dismiss and dismissed the Complaint without |
| 5 | prejudice. (ECF No. 9.) |
| 6 | On June 15, 2023, the Court granted Plaintiffs leave to amend. (ECF No. 18.) On |
| 7 | June 22, 2023, Plaintiffs filed the Second Amended Complaint. (ECF No. 19.) On July 24, |
| 8 | 2023, Defendants filed a motion to dismiss. (ECF No. 20.) On October 2, 2023, the Court |
| 9 | granted in part and denied in part the motion to dismiss, dismissing without prejudice the |
| 10 | federal claims and declining supplemental jurisdiction over the state law claims. |
| 11 | On January 2, 2024, the Court granted Plaintiffs leave to amend. (ECF No. 31.) On |
| 12 | January 16, 2024, Plaintiffs filed the Third Amended Complaint ("TAC"), the operative |
| 13 | complaint. (ECF No. 32.) On January 30, 2024, Defendants filed the Motion to Dismiss. |
| 14 | (ECF No. 33.) On February 15, 2024, Plaintiffs filed a Response in opposition to the |
| 15 | Motion to Dismiss. (ECF No. 34.) On February 23, 2024, Defendants filed a Reply in |
| 16 | support of the Motion to Dismiss. (ECF No. 35.) |

## II. ALLEGATIONS IN THE THIRD AMENDED COMPLAINT

On April 1, 2021, CVPD "police officers entered the plaintiffs' home without a search warrant claiming that the search warrant was sealed. [CVPD] police officers used excessive force and unlawfully detained the plaintiffs. The [CVPD] police officers never sent a copy of the search warrant to plaintiffs." (ECF No. 32 at 8.) Specifically, Plaintiff Katherine I. Fredericks was ordered out of the bathroom, where she was taking a bath, by "Doe 1 in [a] bulletproof vest, hand on his gun holster, and camera on his chest." *Id.* at 5. Does 1–10 "ransacked the [P]laintiff[s'] home" while Plaintiffs sat in the living room with officers staring at them, and Plaintiffs were not permitted to eat, drink, or use the bathroom while "Plaintiffs had to wait for many hours in panic and fear." *Id.* at 5, 8. Plaintiffs "asked for a search warrant and the police did not produce any [warrant]." *Id.* at 5. The CVPD officers "destroyed locks to suitcases," "emptied the freezer containing meats and other

food that was thrown on plaintiffs' kitchen floor, while they took the freezer," and the officers "left the house in ruin and disaster." *Id*. at 6. The CVPD officers "took all the firearms" in the house and subsequently "refused to release those firearms to [Plaintiff] Ricky [Lincoln] even after he had been given approval for the release of those firearms by the Department of Justice." *Id.* at 6-7. The CVPD "never sent a copy of the search warrant to Plaintiffs, and to this date [Plaintiffs] do not know all the personal properties that Does 1 to 10 illegally took from their home." *Id*. at 7.

"[T]he abuse to which Plaintiffs were subjected was consistent with institutionalized practices of the [City] and [CVPD], which was known to and ratified by the [D]efendants … [who were] unreasonably indifferent to the police officer's misconduct." *Id.* at 8. City had "prior notice of the vicious propensities of the [D]efendants Does 1 to 10, but took no steps to train them, correct their abuse of authority, or to discharge their unlawful use of authority." *Id.* at 9.

Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 against Defendants, who "deprived the Plaintiffs of rights secured to them by the constitution of the United States, including, but not limited to, their First Amendment right to freedom of expression, [their] Fifth and Fourteenth amendment rights to due process of law, including the right to be free from unjustified and excessive force by police, and their Eight Amendment right to be free from cruel and unusual punishment." *Id*. at 10; *see also id*. at 4-5 (referencing the Fourth Amendment); *id*. at 6-7 (referencing the Second Amendment). Plaintiffs seek damages, costs, and attorney fees.

## III.  MOTION TO DISMISS

### A.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts

alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

**B.     Discussion**

Defendants move to dismiss Plaintiffs' TAC on the following grounds: Plaintiffs fail to properly allege a basis for municipal liability under 42 U.S.C. § 1983; Plaintiffs fail to state a valid claim under § 1983 for First, Second, Fourth, Fifth, Eighth, and Fourteenth Amendment violations; and Plaintiffs have not sufficiently asserted any claim against the Doe Defendants in their individual capacity.

Plaintiffs contend in Response, as they allege in the TAC, that they "have a claim for relief based upon municipal liability, because defendants executed and exercised policies and customs which violated [P]laintiffs' constitutional rights when they did not properly train, supervise and discipline the unlawful actions or report the unlawful conduct to the appropriate authorities, and failed to protect the Plaintiffs." (ECF No. 34 at 2.)

### 1. Municipal Liability Under 42 U.S.C. § 1983

Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001); *see* 42 U.S.C. § 1983 (providing a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...."). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quotations and citations omitted). A government entity may not be held vicariously liable for the unconstitutional acts of its employees under a theory of respondeat superior in a § 1983 claim. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). "A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "Plaintiffs cannot allege a widespread practice or custom based on 'isolated or sporadic incidents; [liability] must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.'" *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 44 F.4th 867, 884 (9th Cir. 2022) (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)).

The TAC alleges claims against CVPD, City, and Doe Defendants. The allegations in the TAC concerning a policy, practice, or custom are entirely conclusory. The nonconclusory allegations in the TAC concern a single search of Plaintiffs' house. The TAC lacks nonconclusory allegations indicating that the alleged CVPD officer behaviors

during this event were part of a "policy, practice, or custom" that was "so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Trevino*, 99 F.3d at 918 (citation omitted). A custom alleged to support a claim for *Monell* liability "must be so 'persistent' that it constitutes 'permanent and well settled city policy'" and liability cannot be "predicated on isolated or sporadic incidents." *Trevino*, 99 F.3d at 918 (quoting *Monell*, 436 U.S. at 691). In considering Plaintiffs' nonconclusory allegations, the TAC's factual allegations consist of no more than "isolated or sporadic incidents." *Id.*

In "limited circumstances," the failure to train municipal employees can serve as the basis for *Monell* liability under § 1983. *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997). The plaintiff must show that the city had a training policy that "amounts to deliberate indifference" to the rights of the persons with whom the untrained employees are likely to come into contact with and that the injury would have been avoided if the city properly trained its employees. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001)). Plaintiffs have not adequately alleged in the TAC any training policy that "amounts to deliberate indifference." *Id.* Nor have Plaintiffs adequately alleged in the TAC that the individual CVPD officers' "conduct conformed to official policy, custom or practice." *Lee*, 250 F.3d at 682–83 (quotations and citation omitted). Plaintiffs fail to assert nonconclusory allegations in the TAC that a CVPD and/or City policy, practice, or custom or failure to train was the moving force behind Plaintiffs' alleged constitutional injury. The TAC alleges in conclusory fashion that the "Police Chief of the City of Chula Vista" was "responsible for the conduct of the Defendants and for their failure to take corrective action with respect to police personnel whose vicious actions and propensities were notorious, or failed to implement meaningful procedures to discourage lawless official conduct." (ECF No. 32 at 4.) These allegations are insufficient to plausibly allege that "a final policymaker had knowledge (actual or constructive)" of the alleged constitutional violations by the individual CVPD officers and "sanctioned" or ratified those actions. *Sabra*, 44 F.4th at 885.

The TAC's allegations are insufficient to adequately allege a § 1983 claim for municipal liability against CVPD and City. The Motion to Dismiss the TAC's claims against CVPD and City is granted.

### 2. Individual Defendant Liability Under 42 U.S.C. § 1983

To state a claim against an individual defendant under § 1983, a plaintiff must show "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988) (citation omitted). A plaintiff bringing an individual capacity claim under § 1983 must demonstrate that each defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (alteration in original) (emphasis omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Plaintiffs allege § 1983 causes of action for violations of the First, Second, Fourth, Fifth, and Fourteenth Amendments.

#### a. Fourth Amendment Claim Against the Individual Defendants

Plaintiffs bring their Fourth Amendment claim for "unlawful detention and excessive force." (ECF No. 32 at 4.) The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. Amend. IV. "A detention can be unreasonable 'either because the detention itself is improper or because it is carried out in an unreasonable manner.'" *Davis v. United States*, 854 F.3d 594, 599 (9th Cir. 2017) (quoting *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)). The court "must determine reasonableness from the perspective of a reasonable officer on the scene." *Id.* (quoting *Graham*, 490 U.S. at 396). "Under the Fourth Amendment, 'a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the

premises while a proper search is conducted.'" *Id.* (quoting *Michigan v. Summers*, 452 U.S. 692, 705 (1981)). However, "special circumstances, or possibly a prolonged detention, might lead to a different conclusion in an unusual case." *Id.* (quoting *Michigan*, 452 U.S. at 705 n.1). For example, "search-related detentions that are 'unnecessarily painful [or] degrading' and 'lengthy detentions[ ] of the elderly, or of children, or of individuals suffering from a serious illness or disability raise additional concerns.'" *Id.* (quoting *Foxworth*, 31 F.3d at 876) (alterations in original). A seizure must be "'carefully tailored' to the law enforcement interests that … justify detention while a search warrant is being executed." *Id.* (quoting *Meredith v. Erath*, 342 F.3d 1057, 1062 (9th Cir. 2003)). "The presence of a search warrant serves a high function…, and that high function is not necessarily vindicated when some other document, somewhere says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection." *Groh v. Ramirez*, 540 U.S. 551, 558 (2004) (quotations and citation omitted). "[T]he destruction of property during a search does not necessarily violate the Fourth Amendment," however, "unnecessarily destructive behavior, beyond that necessary to execute a warrant effectively, violates the Fourth Amendment." *Mena v. City of Simi Valley*, 226 F.3d 1031, 1041 (9th Cir. 2000) (citations and quotations omitted).

The TAC alleges that the CVPD officers who are alleged to be Doe Defendants searched the Plaintiffs' home on April 1, 2021. The TAC alleges that these officers engaged in destructive behavior while conducting the search and detained Plaintiffs in their living room "for many hours" without allowing them "to eat, drink, or use the bathroom." (ECF No. 32 at 5, 8.) The TAC alleges that the CVPD officers have retained Plaintiffs' seized firearms even after "approval for the release of those firearms" had been given "by the Department of Justice." *Id.* at 6-7. The TAC also alleges that Plaintiffs have never received a copy of the warrant authorizing the search or a return indicating what items were seized. It is an unresolved issue whether the Fourth Amendment requires a warrant to be served on the person whose premises is being searched. *See United States v. Hector*, 474 F.3d

1150, 1154 (9th Cir. 2007); *see also Sangster v. Los Angeles Sheriff's Dep't*, No. 2:21CV9573-DSF-JDE, 2022 WL 3701638, at *11 (C.D. Cal. July 11, 2022) ("[T]here currently *might* be a Fourth Amendment right to be presented with a search warrant at the time a home is searched.") (quotation omitted) (collecting cases). Even if it is not a Fourth Amendment violation to withhold the warrant and return indefinitely, in the absence of any information about the contents of the search warrant and the purpose of the search, the Court cannot find that the alleged destructive behavior, lengthy detention, and retention of the seized firearms are reasonable as a matter of law.

Accordingly, the Court finds that the TAC adequately alleges § 1983 claims for violation of the Fourth Amendment against the Doe Defendant police officers who conducted the search. However, the TAC alleges that "John Doe 3 was the duly appointed Chief of Police of the Chula Vista Police Department." (ECF No. 32 at 2.) The TAC fails to adequately allege that the Chief of the CVPD had any personal involvement in the search or detention at issue. As discussed above, the TAC also fails to adequately allege that the Chief of the CVPD ratified the conduct of the officers who were involved or otherwise is plausibly liable under § 1983. Accordingly, the Motion to Dismiss Doe Defendant number 3, the Chief of the CVPD, is granted.

Defendants request that the Court dismiss all other Doe Defendants on the basis that the TAC fails to identify the Doe Defendants or adequately allege the involvement of each Doe Defendant. "Although '[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored,' in circumstances 'where the identity of alleged defendants will not be known prior to the filing of a complaint ... the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980)). Here, Plaintiffs have not yet been afforded the opportunity to conduct discovery to identify the police officers who conducted the search and took the actions alleged in the TAC. Accordingly, the Court finds

that dismissing the claims against all Doe Defendants on this basis would be premature at this time. *See id.*; *cf. Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("*Gillespie* demonstrates that the district court erred in dismissing Wakefield's complaint against Doe simply because Wakefield was not aware of Doe's identity at the time he filed his complaint."). However, Plaintiffs are cautioned that Plaintiffs are required to expeditiously identify the Doe Defendants and move to amend the TAC to properly name those Defendants and adequately allege the personal participation of each named Defendant in the alleged Fourth Amendment violations. The Court orders CVPD and City, and their counsel, to cooperate with all appropriate discovery requests from Plaintiffs aimed at identifying the Doe Defendants who are alleged to have been employed by CVPD and City.

The Motion to Dismiss the Fourth Amendment claim against Doe Defendant number 3, the Chief of the CVPD, is granted. The Motion to Dismiss the Fourth Amendment claim against the other Doe Defendants is denied.

### b. Second Amendment Claim Against the Individual Defendants

The Second and Fourteenth Amendments protect the right of "law-abiding, responsible citizens" to possess a handgun inside and outside the home for the purpose of "immediate self-defense." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); *see also New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 10 (2022). But "[l]ike most rights, the right secured by the Second Amendment is not unlimited" and is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626. For example, the Second Amendment allows "prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 627-28. "[S]everal federal courts have held that a plaintiff cannot pursue a Second Amendment claim about guns seized by officers who are executing a facially valid warrant." *DeMaria v. Yolo Cnty. Sheriff's Off.*, No. 2:23-CV-01798-KJM-CSK, 2024 WL

3821876, at *8 (E.D. Cal. Aug. 14, 2024) (collecting cases). However, at this stage in the proceedings, the Court has no basis for determining that the CVPD officers at issue were executing a facially valid search warrant during the events described in the TAC or whether that warrant authorized the seizure of firearms.[1] Accordingly, at this stage in the proceedings, Defendant has failed to state an adequate basis for dismissing the Second Amendment claim against the Doe Defendants who allegedly seized Plaintiffs' firearms and refused to return them even after "approval for the release of those firearms" had been given "by the Department of Justice." (ECF No. 32 at 6-7.) The Motion to Dismiss the Second Amendment claims against the Doe Defendants who personally participated in the seizure and retention of Plaintiffs' firearms is denied.

### c. First Amendment Claim

The TAC contains a single conclusory reference to Defendants depriving Plaintiffs of "their First Amendment right to freedom of expression." (ECF No. 32 at 10.) The TAC offers no allegations explaining the speech or other constitutionally protected activity at issue, no allegations that the Defendants' actions would chill such speech or protected activity in an ordinary person, and no allegations that Plaintiffs' protected activity was a motivating factor in Defendants' conduct. *Cf. Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) ("To state a First Amendment retaliation claim, a plaintiff must plausibly allege that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct."); *Mendocino Env't Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) ("In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that by his actions the defendant deterred or chilled the

---

[1] Defendants request that the Court take judicial notice of an "Electronic Search Warrant Log" maintained by the San Diego County Superior Court. (*See* ECF No. 33-4.) However, this document contains no information about the contents of any search warrant.

plaintiff's political speech and such deterrence was a substantial or motivating factor in the defendant's conduct."). The Motion to Dismiss the First Amendment claim is granted.

### d. Fifth Amendment Claim

Plaintiffs assert their Fifth Amendment claim pursuant to § 1983. Section 1983 is a statutory vehicle that allows plaintiffs to assert claims against state actors. By contrast, the Fifth Amendment is not a proper constitutional amendment through which to assert a due process claim against state actors. *See Lee*, 250 F.3d at 687 ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments."); *see also Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (holding that the defendant "is a local law enforcement official, and the Fifth Amendment's due process clause only applies to the federal government"). Accordingly, the Motion to Dismiss the Fifth Amendment claim is granted.

### e. Eighth Amendment Claim

The TAC contains two references to the Eighth Amendment, alleging in clonclusory fashion that Defendants violated Plaintiffs' "Eight[h] Amendment right to be free from cruel and unusual punishment." (ECF No. 32 at 10; *see also id*. at 5.) To the extent the TAC purports to assert a § 1983 claim for violation of the Eighth Amendment against any Defendant, "an Eighth Amendment claim … is reserved for 'those convicted of crimes' and therefore would not apply to pre-trial detainees." *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986)). Plaintiffs have not alleged that they were prisoners convicted of a crime at the time of the alleged actions that form the basis of Plaintiffs' § 1983 claims. Accordingly, the Motion to Dismiss the Eighth Amendment claim is granted.

### f. Fourteenth Amendment Claim

The Fourteenth Amendment to the U.S. Constitution states:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any

person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

The TAC alleges that "[t]he herein above-described actions and omissions, Police Officers were engaged in under color of state authority by the Defendants, … deprived the Plaintiffs of … their Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force by police." (ECF No. 32 at 3.)

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quotation omitted). "Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham*, 490 U.S. at 395. As discussed above, the TAC states a plausible claim under the Fourth Amendment against the Doe Defendants who participated in the challenged searches and seizures. Likewise, Defendants have failed to state an adequate basis for dismissing the Second Amendment claim against the Doe Defendants who seized and retained Plaintiffs' firearms. Because Plaintiffs' claim "is 'covered by' the Fourth Amendment" and the Second Amendment, an additional "[s]ubstantive due process analysis is therefore inappropriate." *Lewis*, 523 U.S. at 843. For this reason, the Motion to Dismiss the Fourteenth Amendment claim is granted.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 33) is granted in part and denied in part. Plaintiffs' claims against CVPD and City are dismissed without prejudice. Plaintiffs' § 1983 claims against the Doe Defendants for violations of the First, Fifth, Eighth, and Fourteenth Amendments are dismissed without prejudice. Plaintiffs' § 1983 claims against Doe Defendant number 3, who is alleged to be the Chief of the CVPD,

is dismissed without prejudice. The Motion to Dismiss the Fourth Amendment and Second Amendment claims against the other Doe Defendants is denied.

Plaintiffs shall expeditiously identify the Doe Defendants and move to amend the TAC to properly name those Defendants and adequately allege the personal participation of each named Defendant in the alleged Fourth Amendment and Second Amendment violations. CVPD and City, and their counsel, shall cooperate with all appropriate discovery requests from Plaintiffs aimed at identifying the Doe Defendants who are alleged to have been employed by CVPD and City. Plaintiffs are cautioned that if, after an opportunity to conduct discovery, Plaintiffs continue to fail to identify the Doe Defendants and adequately allege the personal participation of each named Defendant in the alleged legal violations, the TAC will be dismissed in its entirety. No later than sixty (60) days after the date this Order is filed, Plaintiffs shall either (a) file a motion for leave to amend the TAC, accompanied by a proposed amended complaint identifying the Doe Defendants, or (b) file a status report showing cause why Plaintiffs have failed to file a motion for leave to amend the TAC.

Dated: September 25, 2024

Hon. William Q. Hayes
United States District Court